52 F.3d 338
 4 A.D. Cases 608
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard L. OTIS, Plaintiff-Appellant,
v.
CANADIAN VALLEY-REEVES MEAT CO., an Oklahoma corporation,
Defendant-Appellee.
 No. 94-6308.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's grant of summary judgment to defendant on his claim that defendant terminated his employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. 12101-12213. We affirm.
 
 
 4
 Plaintiff was employed by defendant when he injured his back. Following an injury leave, plaintiff returned to work under medical restrictions on lifting. When he returned to work plaintiff was assigned to work he alleges was too strenuous. His requests to be assigned to a kitchen position were denied. After working for about one month following his injury leave, plaintiff resigned, claiming defendant had failed to reasonably accommodate his disability.
 
 
 5
 We review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Bolton v. Scrivner, Inc., 36 F.3d 939, 941 (10th Cir.1994), cert. denied, 115 S.Ct. 1104 (1995). Summary judgment is authorized where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). The nonmoving party may not rely on unsupported allegations "without any significant probative evidence tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citation omitted).
 
 
 6
 Plaintiff asserts he is disabled under the ADA because his back injury "substantially limits one or more of [his] major life activities," including working. 42 U.S.C. 12102(2). He claims he is disabled because he is unable to perform his previous job or the job he was assigned following his injury. On appeal, plaintiff seeks to demonstrate his disability by presenting information that was not before the district court. "[We] cannot, in reviewing a ruling on summary judgment, consider evidence not before the district court." John Hancock Mutual Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir.1994).
 
 
 7
 "To demonstrate that an impairment 'substantially limits' the major life activity of working, an individual must show 'significant[ ] restrict[ion] in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.' " Bolton, 36 F.3d at 942 (quoting 29 C.F.R. 1630.2(j)(3)(i)). The inability to perform the duties of any one particular job does not qualify as a restriction on the major life activity of working. Id.
 
 
 8
 Here, plaintiff has shown only that he cannot perform his previous job of meat loader due to the seventy-pound lifting restriction imposed by his physician. The evidence presented to the district court does not establish that plaintiff is restricted in any major life activity, including working. Therefore, we affirm the district court's conclusion that plaintiff is not disabled within the meaning of the ADA.
 
 
 9
 The remainder of plaintiff's arguments are based on his claim that summary judgment should not have been granted before discovery was completed. Fed.R.Civ.P. 56 contains no requirement that discovery be completed before summary judgment may enter. Public Serv. Co. v. Continental Casualty Co., 26 F.3d 1508, 1518 (10th Cir.1994). Although "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition, this protection arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion." Id. (citations omitted). Here plaintiff did not request additional time for discovery. Therefore, he cannot complain that he was denied the protection of the rule permitting additional discovery time. See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-55 (10th Cir.1993)(discussing Rule 56(f)).
 
 
 10
 We find no error in the district court's order dismissing plaintiff's pendent state claims. See 28 U.S.C. 1367(c). Finally, we hold the district court did not abuse its discretion by denying him leave to amend his pleadings to avoid summary judgment. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir.1994)(district court's denial of leave to amend reviewed for abuse of discretion).
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470