**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ELISE GIBBS,

      Plaintiff-Appellant,

v.

ST. ANTHONY HOSPITAL,

      Defendant-Appellee.

No. 96-6063
(D.C. No. CIV-94-1775-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Elise Gibbs appeals from the district court's grant of summary judgment in favor of defendant St. Anthony Hospital on her claim that St. Anthony violated the American with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

The relevant facts, taken in the light most favorable to plaintiff as the nonmoving party, are as follows: Ms. Gibbs was employed by St. Anthony as a patient care Registered Nurse (R.N.) from December 1991 until August 1992, when she injured her neck while lifting a heavy patient. Ms. Gibbs was authorized by her doctor to return to work in February of 1993, with the restriction that she not lift more than 15 pounds repetitively or more than 25 pounds absolutely. See I Appellant's App. at 173. St. Anthony refused to employ plaintiff in her former position as charge nurse because that job required some heavy lifting, but the hospital offered plaintiff a full-time administrative job in January 1994. After working a few days at this job, plaintiff attempted suicide, and has not worked for defendant since her recovery. Defendant claims the administrative job is still available for plaintiff.

To establish her ADA claim, plaintiff must show: "(1) that [s]he is a disabled person within the meaning of the ADA; (2) that [s]he is qualified[--]that is, with or without reasonable accommodation (which [s]he must describe), [s]he is able to perform the essential functions of the job; and (3) that the employer

-2-

terminated [her] because of [her] disability." White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995). "Disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "Major life activities" are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). In general, a person is "substantially limited" who cannot perform a major life activity or who is "[s]ignificantly restricted as to the condition, manner or duration" of performing a major life activity. Id. § 1630.2(j)(1). When the major life activity is working, however,

> *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The ability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

Id. § 1630.2(j)(3)(i). To make this determination, the court may consider:

> (A) The geographical area to which the individual has reasonable access;
> (B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
> (C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not

utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

Id. § 1630.2(j)(3)(ii). An individual is "regarded as" having an impairment that substantially limits a major life activity if the individual is treated as if he or she had such an impairment, whether he or she does or not. Id. § 1630.2(l).

On defendant's motion for summary judgment, the district court held that plaintiff had not provided sufficient evidence to show she was substantially limited in the major life activity of working and that, even if lifting were deemed a major life activity, she had presented no evidence comparing her limitations to the capabilities of the general population to show that she was substantially limited in the major life activity of lifting. See District Court Order at 7 & n.1, 8. The district court held further that plaintiff had produced insufficient evidence to show that defendant had excluded her from either a class of jobs or a broad range of jobs to support the allegation that defendant regarded her as having a disabling impairment. See id. at 8. The district court concluded that plaintiff had failed to establish that she was disabled within the meaning of the ADA. See id. at 9.

On appeal, plaintiff contends that there are genuine issues of material fact as to whether she had a substantially limiting impairment or was regarded by defendant as having such an impairment, and that summary judgment should have been denied. We disagree.

-4-

"We review the district court's grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." White, 45 F.3d at 360. To withstand defendant's motion for summary judgment, plaintiff must "direct the court to facts which establish a genuine issue for trial." Id.

Since the district court entered its order, this court has held that lifting is a major life activity under the ADA. See Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1174 (10th Cir. 1996). Nevertheless, plaintiff has pointed out no facts comparing her lifting restrictions to the capabilities of an average person in the general population. She argues that a doctor's finding that, based on a 25-pound repetitive lifting restriction and a 35-pound occasional maximum, she retained the functional capacity to perform "light and selected medium category positions as classified by the Department of Labor," I Appellant's App. at 273-74, is appropriate comparative evidence. Plaintiff urges this court to "infer" that she has demonstrated a significant restriction on the major life activity of lifting. Appellant's Br. at 9. This evidence in fact says nothing about the capabilities of the average person to allow a comparison, however, and we therefore hold that plaintiff's evidence is insufficient to show she is substantially limited in the major life activity of lifting. Cf. Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, ___, 1996 WL 682213, at **3 (4th Cir. Nov. 27, 1996) (holding as

a matter of law that 25-pound lifting restriction "does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity"); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996) (holding 25-pound lifting restriction not a significant restriction on "'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" (quoting 29 C.F.R. § 1630.2(i))).

Plaintiff also argues that because defendant refused to employ her as a patient care nurse, she was excluded from a class of jobs and was therefore substantially limited in the major life activity of working. Again, however, plaintiff points to none of the comparative evidence that is relevant to this determination. See 29 C.F.R. § 1630.2(j)(3). Therefore, we cannot conclude that plaintiff is substantially limited in the major life activity of working.

Finally, plaintiff argues that defendant regarded her as disabled because it refused to employ her as a patient care R.N. The only conclusion allowed by the evidence, however, is that defendant only refused to employ plaintiff in a job with lifting requirements above plaintiff's restrictions. See MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1445 (10th Cir. 1996) (holding ADA plaintiff failed to show employer regarded him as disabled based on failed eye exam when it refused to allow him to taxi aircraft). Again, plaintiff has not pointed to any evidence that a patient care nursing position constitutes a class of jobs or a broad

range of jobs in various classes, rather than a single, particular job.  See id.;

29 C.F.R. § 1630.2(j)(3)(i).

Plaintiff has not produced sufficient evidence to show that she was disabled

within the meaning of the ADA.  Therefore, summary judgment was properly

granted.  The judgment of the United States District Court for the Western

District of Oklahoma is AFFIRMED.


Entered for the Court


David M. Ebel
Circuit Judge