**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GREGORY P. BURGARD,

        Plaintiff-Appellant,

v.

SUPER VALU HOLDINGS, INC.,
also known as Wetterau, Incorporated,
doing business as Ohio Cubco, Inc., a
Missouri corporation,

        Defendant-Appellee.

No. 96-1199
(D.C. No. 95-N-1961)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff commenced an action in district court alleging defendant violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213, by terminating him from his union position and later rehiring him for a lower-paying nonunion position. The district court granted defendant's motion for summary judgment. Plaintiff raises three issues on appeal: (1) whether the district court improperly denied his motion to supplement his response to defendant's motion for summary judgment; (2) whether in ruling on the summary judgment motion the district court viewed the facts in the light most favorable to him; and (3) whether the district court erred in concluding he did not make a prima facie case under the ADA. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

The relevant facts are as follows. Plaintiff injured his back while working for defendant in a union warehouse position as a wrapper. All union warehouse positions were covered by a collective bargaining agreement (CBA). At the time of the injury, plaintiff had mid-level seniority in the union. After plaintiff took a medical leave, Dr. Filner released him to work with lifting restrictions of twenty-five pounds frequently and fifty pounds occasionally. Dr. Ladwig, defendant's company doctor, examined plaintiff and issued a work release concurring with the restrictions of Dr. Filner. Plaintiff's supervisors believed that he was unable to perform the essential functions of all union warehouse jobs because they required

-2-

a worker to lift greater than fifty pounds.  For that reason, defendant terminated

plaintiff.  Thereafter, plaintiff filed a discrimination claim with the Colorado

Civil Rights Commission.  Defendant offered plaintiff a nonunion job as a meat

scanner, which he accepted and continues to hold.

On appeal, plaintiff argues that in deciding the summary judgment motion

the district court did not view all of the facts in the light most favorable to him

and that the district court wrongly concluded he did not make a prima facie case

under the ADA.  We disagree.

> We review the grant . . . of summary judgment de novo,
> applying the same legal standard used by the district court pursuant
> to Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> judgment as a matter of law.  When applying this standard, we
> examine the factual record and reasonable inferences therefrom in
> the light most favorable to the party opposing summary judgment.  If
> there is no genuine issue of material fact in dispute, then we next
> determine if the substantive law was correctly applied by the district
> court.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

The ADA prohibits an employer from "discriminat[ing] against a qualified

individual with a disability because of the disability" in regard to discharge.

42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination, a

plaintiff must prove (1) he is a disabled person within the meaning of the ADA;

(2) he is qualified with or without reasonable accommodation, which he must

-3-

describe, to perform the essential functions of the job; and (3) the employer terminated him due to the disability.[1] See White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995).

"Disability" means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). In general, a person is "substantially limited" if he or she cannot perform a major life activity or is significantly restricted in the performance of such activity. See 29 C.F.R. § 1630.2(j)(1). Working, as plaintiff alleges, is a major life activity. See id. § 1630.2(i). An individual's ability to perform the major life activity of working is substantially limited if he or she is significantly restricted in his or her ability to "perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." Id. § 1630.2(j)(3)(i). Inability to perform one particular job is not a substantial limitation of the major life activity of working. See id. Courts may consider the following factors in determining whether an individual is substantially limited in the major life activity of working:

---

[1] Contrary to plaintiff's suggestion in his opening brief, the standards for a prima facie case are established in the Tenth Circuit.

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

Id. § 1630.2(j)(3)(ii).

Neither party disputes that plaintiff's lifting restrictions are an impairment. The issue is whether the restrictions substantially limit his ability to work. Plaintiff argues, based on his vocational expert's opinion, that he is precluded from performing the class of jobs requiring greater than medium work and he is therefore disabled under the ADA. The district court rejected plaintiff's vocational expert's opinion, that plaintiff is restricted from performing a class of jobs exceeding the medium work category, as conclusory and unsupported by any evidence of plaintiff's vocational training, the geographical area to which he has access, or the number and types of jobs demanding similar training from which he would be disqualified. The district court set forth the broad range of jobs in various classes that plaintiff previously had held, and at no time did plaintiff indicate that any of those jobs conflicted with his lifting restrictions. Moreover, the district court determined that plaintiff's inability to perform a union

warehouse job is insufficient to establish he is unable to perform either a class or broad range of jobs. The district court concluded that plaintiff's lifting restriction alone did not prove he had a substantial limitation of the major life activity of working and he is not disabled.

We agree with the district court's conclusions. "'An impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one.'" Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995) (holding that impairment preventing plaintiff from performing narrow range of meat packing jobs not considered substantially limiting) (quoting Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994)). Plaintiff's lifting restriction, along with the CBA seniority rules, prevent him from performing only a narrow range of union warehouse jobs at defendant, not a class of jobs or broad range of jobs in various classes. Thus, he does not have an impairment substantially limiting the major life activity of working. See Dutcher v. Ingalls Shipbuilding, 53 F.3d 723, 727 (5th Cir. 1995) (holding inability to perform one aspect of job while retaining ability to work in general is not substantial limitation on major life activity of working); cf. Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir. 1996) (holding as matter of law that twenty-five pound lifting restriction did not constitute significant restriction on ability to work), petition for cert. filed, 65 U.S.L.W. 3675 (U.S.

Mar. 24, 1997) (No. 96-1521); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996) (holding twenty-five pound lifting restriction not significant restriction on working). But cf. 29 C.F.R. pt. 1630, app. § 1630.2(j) (giving example of individual with back injury who is prevented from performing heavy lifting and is impaired in major life activity of working because impairment eliminates ability to perform one class of jobs, even if individual can perform jobs in another class);[2] Cochrum v. Old Ben Coal Co., 102 F.3d 908, 911 (7th Cir. 1996) (holding physical restrictions of no overhead work, heavy lifting, or pulling and pushing might apply to broad range of jobs and are more than job specific and reasonable jury could conclude impairment substantially limited ability to work). Even if he was not actually disabled, plaintiff believes that he was regarded as disabled because of defendant's adverse employment decisions and because his supervisors believed that he could not perform any union jobs due to his lifting restriction. An individual is "regarded as" having an impairment that substantially limits a major life activity if the individual is treated as if he had such an impairment, whether he does or not. See 29 C.F.R. § 1630.2(l); see also Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996), cert. denied, 117 S. Ct. 770 (1997). The focus is on the effect the impairment has on the

---

[2]    Although the interpretative guidance is not controlling, we may resort to it for guidance. See Gile v. United Airlines, Inc., 95 F.3d 492, 497 (7th Cir. 1996).

attitudes of others.  See Gordon v. E.L. Hamm & Assocs., Inc., 100 F.3d 907, 913 (11th Cir. 1996); Kelly v. Drexel Univ., 94 F.3d 102, 108-09 (3d Cir. 1996); Wooten, 58 F.3d at 385.

Here, as the district court concluded, there is no evidence that defendant regarded plaintiff as unable to perform a class of jobs or a range of jobs in various classes other than as precluded by the CBA.  In this case, defendant's treatment of plaintiff as unable to perform the jobs covered by the CBA is not the substantial equivalent as treatment of plaintiff as if he had an impairment that substantially limits a major life activity.  Defendant's consideration of plaintiff's lifting restrictions did not cause him to be regarded as disabled under the ADA, especially since defendant offered plaintiff a nonunion warehouse job he was capable of performing.  See Gordon, 100 F.3d at 913 (determining significant impairment is one that is viewed by employer as generally foreclosing type of employment involved, not just narrow range of job tasks); Kelly, 94 F.3d at 109 (deciding mere fact employer was aware of employee's impairment insufficient to demonstrate employer regarded employee as disabled or that perception caused adverse employment action); cf. Chandler v. City of Dallas, 2 F.3d 1385, 1393 (5th Cir. 1993) (holding under Rehabilitation Act, employer's belief employee is unable to perform task does not establish per se that employer regards employee as having substantial limitation on ability to work).  Thus, plaintiff failed to bring

forth any evidence indicating defendant treated him or perceived him as having a substantial limiting impairment. See Aucutt, 85 F.3d at 1320.

Because plaintiff did not direct this court to any facts establishing a genuine issue for trial, we conclude the district court properly determined he was not disabled within the meaning of the ADA and properly granted summary judgment in defendant's favor. Because plaintiff did not meet the disability element of the prima facie discrimination case, we need not address whether the district court correctly determined plaintiff is not a qualified person. See White, 45 F.3d at 363.

Plaintiff argues the district court improperly denied his motion to file a supplemental response to defendant's motion for summary judgment. He sought to file a response after taking Dr. Ladwig's deposition. Because, according to plaintiff, the district court relied on Dr. Ladwig's opinions and his opinions were actually more favorable to plaintiff, plaintiff believes he should have been permitted to file a supplemental response incorporating those opinions. The district court denied the motion for the reasons that ample time had been allowed for discovery and briefing of dispositive motions, plaintiff failed to state good cause for extending any deadline previously set by the court, and supplementation would only lead to confusion concerning the disputed facts in the case. We review the district court's denial of the motion for an abuse of discretion. See

GWN Petroleum Corp. v. Ok-Tex Oil & Gas, Inc., 998 F.2d 853, 858 (10th Cir. 1993) (stating rulings regarding amendment of pleadings are reviewable for abuse of discretion).

Defendant filed its motion for summary judgment on December 28, 1995, the deadline for filing dispositive motions. The district court originally had set December 18, 1995, as the deadline for discovery. Later, however, it extended the deadline for discovery to January 31, 1996, and extended the time for plaintiff to respond to the motion for summary judgment until February 9, 1996, and, later, until February 20, 1996. Dr. Ladwig failed to appear for his deposition scheduled for January 31, 1996, due to no fault of plaintiff. Plaintiff rescheduled the deposition for February 20, 1996, the day he was required to file his response to the motion for summary judgment. On February 20, he filed his response, along with a motion to supplement the response with respect to Dr. Ladwig's opinions.

We agree with the district court's conclusion that it provided ample time for discovery and briefing of dispositive motions. Also, plaintiff failed to show that the district court's denial of the motion to supplement resulted in actual and substantial prejudice. Cf. Searls v. Glasser, 64 F.3d 1061, 1068 (7th Cir. 1995) (denial of discovery). Nothing indicates the deposition testimony raised any issues of material fact. Accordingly, we conclude the district court did not abuse its

discretion in denying plaintiff's motion to supplement his response to the motion for summary judgment.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge
