**Ronald BARNARD, Sr., Plaintiff,**

v.

**ADM MILLING COMPANY, INC., Defendant.**

No. Civ.A. 96–2504–GTV.

United States District Court,
D. Kansas.

Dec. 17, 1997.

**1340**

Rashell M. Roth, Kansas City, MO, Gary W Collins, Kansas City, MO, for Ronald F Barnard, Sr.

Laurie A. Putthoff, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Mark A. Stites, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Kansas City, MO, for A.D.M. Milling Company.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this action alleging that defendant discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Kansas Act Against Discrimination, K.S.A. 44–1001 *et seq.*, and wrongfully discharged him in retaliation for filing a workers compensation claim. The case is before the court on defendant's motion (Doc. 40) for summary judgment. For the reasons set forth below, the motion is granted.

### I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2511–12.

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial ." *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984).

### II. FACTUAL BACKGROUND

The following facts are either uncontroverted or are based on evidence submitted in summary judgment papers viewed in a light

most favorable to the plaintiff.[1] Immaterial facts and facts not properly supported by the record are omitted.

Defendant employed plaintiff as a maintenance worker at its Olathe, Kansas plant. Prior to hiring plaintiff, defendant informed him that the position requires lifting 100 pounds through the full range of motion. In fact, several of the maintenance worker's specific duties require lifting weights in excess of 100 pounds.

Plaintiff's employment with defendant was governed by a collective bargaining agreement. Section 6.05 of the agreement, in relevant part, states:

> An employee shall lose his seniority and employee status for just cause for any of the following reasons:
>
> * * * * * *
>
> 6. He has been on layoff, or off work because of illness, injury, or for any other reason, except military service (subject to the Universal Military Training and Service Act) for a period of 12 consecutive months. In the case of illness or injury of an employee, this 12–month period may be extended for an additional 6 months (in writing) by mutual agreement between the parties.

Plaintiff worked at the plant until he suffered back injuries from a work-related accident on January 27, 1993. As a result of the injuries, plaintiff's physician restricted his maximum lift to forty-two pounds. Despite plaintiff's request, the physician has never eliminated the restriction. Plaintiff subsequently filed a workers compensation claim which was settled in November 1993. Although plaintiff can now actually lift seventy-five pounds, defendant, relying on the medical restriction, has never allowed plaintiff to return to work.

Defendant, pursuant to the collective bargaining agreement, discharged plaintiff from employment effective January 29, 1994, following a 12–month leave of absence. Defen-

dant did not condition plaintiff's future employment on his termination of the workers compensation claim. Plaintiff currently works as a repair man for another employer without any accommodation. Additional facts will be provided as necessary.

### III. ANALYSIS

Plaintiff has two claims. He first asserts that defendant discriminated against him on the basis of his disability in violation of the ADA and the KAAD. He also contends that defendant wrongfully terminated his employment in retaliation for filing a workers compensation claim. Defendant argues that summary judgment is appropriate on each of plaintiff's claims.

### A. Disability–Based Discrimination

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The McDonnell Douglas[2] burden-shifting analysis applies to cases brought under the ADA and the KAAD. See Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir.1997) (ADA); Woods v. Midwest Conveyor Co., 231 Kan. 763, 767, 648 P.2d 234 (1982) (KAAD). Absent direct evidence, plaintiff may use an indirect method to prove discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (citing McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

▮ Under the indirect method, "plaintiff initially must raise a genuine issue of material fact on each element of the prima facie case." Morgan, 108 F.3d at 1323 (citing Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1174 (10th Cir.1996) and Randle v.

---

1. Local Rule 56.1 requires plaintiff to controvert defendant's statement of facts with specific references to the evidentiary record. Plaintiff failed to comply with the rule by relying inappropriately on unsupported blanket denials. Plaintiff also failed substantially to support his own statement of facts with citations to the record.

2. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*City of Aurora,* 69 F.3d 441, 451 (10th Cir. 1995)). To establish a *prima facie* case of disability discrimination, plaintiff must demonstrate: (1) that he is a "disabled" person within the meaning of the ADA; (2) that he is "otherwise qualified," that is, he can perform the essential functions of the job with or without reasonable accommodation; and (3) that he suffered an adverse employment action based on his disability. *See White v. York Int'l Corp.,* 45 F.3d 357, 360–61 (10th Cir.1995). If plaintiff raises a genuine issue of material fact as to each element, the burden then shifts to defendant to articulate some legitimate, nondiscriminatory reason for its conduct. *Randle,* 69 F.3d at 451. If defendant carries this burden, it shifts back to plaintiff to prove that the reasons proffered were "pretextual—i.e. unworthy of belief." *Id.* Demonstrating pretext gets plaintiff "over the hurdle of summary judgment." *Ingels v. Thiokol Corp.,* 42 F.3d 616, 622 n. 3 (10th Cir.1994).

### 1. Disabled

■ Plaintiff contends that he has a disability protected by the ADA. The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff claims that his lower back injury and supraspinatous muscle strain constitute physical impairments. The court agrees. Plaintiff, however, is unable to show that his impairments substantially limit one or more of his major life activities.

"*Major Life Activities* means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (1997) (emphasis in original). Plaintiff claims that, as a result of his impairment, he is unable to work on ladders, fish competitively, or bow hunt. None of those activities are major life activities on a parallel with such activities as walking, seeing, hearing, speaking, breathing, learning, and working.

■ Plaintiff further alleges that he is substantially limited in the major life activity of lifting. Lifting is a major life activity. *Lowe,* 87 F.3d at 1174. "Substantially limits" means "either the inability to perform a major life activity, or a severe restriction on the ability to perform a major life activity as compared to the general population." *Dutton v. Johnson County Bd. of County Comm'rs,* 859 F.Supp. 498, 505 (D.Kan.1994) (citing 29 C.F.R. § 1630.2(j)(1)). Whether plaintiff is substantially limited depends on the nature and severity of his impairment, its expected duration, and its expected permanent or long-term impact. 29 C.F.R. § 1630.2(j)(2); *see also Bolton v. Scrivner, Inc.,* 36 F.3d 939, 943 (10th Cir.1994).

Plaintiff offers evidence of his lifting restriction to show that his impairment substantially limits his ability to lift. Proof of the lifting restriction alone is insufficient to show substantial limitation. *See Gibbs v. St. Anthony Hosp.,* No. 96–6063, 1997 WL 57156, at *2 (10th Cir. Feb.12, 1997) (25–pound lifting restriction). Plaintiff fails to offer any evidence comparing his lifting ability to that of the general population. Even if plaintiff did offer such evidence, courts have found restrictions more limiting than plaintiff's insufficient as a matter of law. *See Williams v. Channel Master Satellite Sys., Inc.,* 101 F.3d 346, (4th Cir.1996) (25–pound restriction), *cert. denied,* —— U.S. ——, 117 S.Ct. 1844, 137 L.Ed.2d 1048 (U.S.1997); *Aucutt v. Six Flags Over Mid–America, Inc.,* 85 F.3d 1311, 1319 (8th Cir.1996) (same).

■ Plaintiff argues alternatively that he is substantially limited in the major life activity of working. Working is a major life activity. *See* 29 C.F.R. § 1630.2(i). In addition to the factors set forth above, to determine if plaintiff is substantially limited in working, the court must consider whether plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3).

Plaintiff offers only his lifting restriction to show that his disability substantially limits his ability to work. Plaintiff submits no evi-

dence that his impairment impacted his ability to perform a class of jobs or a broad range of jobs in various classes. *See Bolton,* 36 F.3d at 943. Nor does he offer any evidence addressing his vocational training, his geographical area, or the number and types of jobs from which he is disqualified. *See id.* at 944. Conversely, plaintiff currently works at the same type of job for another employer.

A lifting restriction alone does not substantially limit the major life activity of working. *Burgard v. Super Valu Holdings, Inc.,* No. 96–1199, 1997 WL 278974, at *3 (10th Cir. May 27, 1997) (twenty-five pound restriction only limits a narrow range of jobs); *Otis v. Canadian Valley–Reeves Meat Co.,* No. 94–6308, 1995 WL 216906, at *1 (10th Cir. April 12, 1995). The well-established law in the Tenth Circuit requires a plaintiff claiming a violation of the ADA to prove more than an inability to perform his existing or former job. *See Welsh v. City of Tulsa,* 977 F.2d 1415, 1417 (10th Cir.1992) (while working is a major life activity, it does not include necessarily "working at the job of one's choice"). Thus, plaintiff was not substantially limited in the major life activity of working and there is no genuine issue of material fact whether plaintiff was disabled under the ADA.

### 2. Qualified

 Even if plaintiff could create a genuine issue of fact with respect to his alleged disability, he is unable to show that he was qualified for the position of maintenance worker. Plaintiff was qualified if (1) he could perform the essential functions of the job, or (2) any reasonable accommodation by the employer would have enabled him to perform the functions. *White,* 45 F.3d at 361–62.

Defendant contends that plaintiff could not perform the essential functions because he could not lift more than seventy-five pounds. Defendant offers evidence that all maintenance workers are required to be able to lift 100 pounds. Plaintiff admits that several of the maintenance workers' specific duties required lifting in excess of 100 pounds. Plaintiff offers no evidence to rebut defendant's assertion that the lifting requirement was an essential function. Accordingly, the court finds that lifting 100 pounds is an essential function of the job. Because plaintiff is unable to lift over seventy-five pounds, he is unable to perform the essential functions of the job with or without reasonable accommodation.

 Plaintiff asserts that defendant failed to reasonably accommodate his disability. An employer is not required to "reallocate job duties in order to change the essential function of a job." *Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1124 (10th Cir.1995). Neither is an employer required to accommodate by making other employees work harder or longer hours. *Id.* at 1125. Moreover, the ADA does not require the employer to promote, reassign to an occupied position, or create a new position as an accommodation. *White,* 45 F.3d at 362.

"Once the plaintiff produces evidence sufficient to make a facial showing that accommodation is possible, the burden of production shifts to the employer to present evidence of its inability to accommodate." *Id.* at 361. Plaintiff, in his opposition to the motion for summary judgment, states that "the Defendant could have accommodated him with devices, other personnel or a less physically demanding job." Plaintiff's assertions, unsupported by evidence, are insufficient to create a genuine issue of material fact whether he was qualified under the ADA.

### 3. Pretext

 Even if plaintiff had offered sufficient evidence to create a prima facie case of discrimination, his failure to rebut defendant's legitimate, nondiscriminatory motive for terminating plaintiff is fatal to his claim. The applicable collective bargaining agreement requires defendant to terminate an employee after the employee is off work for twelve consecutive months, unless defendant and the employee mutually agree to an additional six months of leave.[3] Defendant discharged plaintiff shortly after he had been on leave for twelve consecutive months.

**3.** Here, plaintiff has not argued that he requested an additional six months of leave.

To withstand summary judgment, plaintiff must present evidence that the defendant's proffered reason is unworthy of belief. *Randle*, 69 F.3d at 453. Such evidence must be sufficient to create a reasonable inference that the reason is pretext. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 897 (10th Cir.1994). Plaintiff generally asserts that the reason is a pretext, but offers no evidence that defendant did not fire everyone who came under the applicable provision. In fact, plaintiff offers no evidence at all to suggest that defendant's reason is unworthy of belief. The court finds that plaintiff has failed to show a genuine issue of material fact whether defendant's reason for termination is pretextual. Accordingly, summary judgment is granted on the disability discrimination claim.

## B. Workers Compensation Retaliation

■ The federal district court in Kansas has uniformly applied the *McDonnell Douglas* burden-shifting analysis in retaliatory discharge cases. *See Chaparro v. IBP, Inc.*, No. 95-3078, 1996 WL 733771, at *5 n. 3 (10th Cir. Dec.24, 1996) (approving of the Kansas federal district court's treatment of retaliatory discharge claims), *cert. denied*, — U.S. —, 118 S.Ct. 53, 139 L.Ed.2d 18 (1997). To establish a prima facie claim of retaliatory discharge under Kansas law, plaintiff must demonstrate that: (1) he filed a claim for workers compensation benefits or sustained an injury for which he might assert a future claim for such benefits; (2) his employer had knowledge of such injury or claim; (3) his employer discharged him; and (4) a causal connection exists between his protected activity or injury and his discharge. *Huffman v. Ace Elec. Co.*, 883 F.Supp. 1469, 1475 (D.Kan.1995).

■ If plaintiff satisfies the prima facie case requirement, the burden shifts to defendant to produce evidence of a legitimate, non-retaliatory reason for the discharge. *Bowers v. Bethany Medical Center*, 959 F.Supp. 1385, 1392 (D.Kan.1997). If defendant satisfies its burden, the plaintiff may avoid summary judgment only by asserting "specific facts that suggest defendant's explanation is merely pretext for a retaliatory discharge." *Id.*

■ Assuming plaintiff could satisfy his prima facie case, he fails to rebut defendant's legitimate, non-retaliatory reason for plaintiff's discharge. Defendant asserts that it discharged plaintiff pursuant to the neutral policy of the collective bargaining agreement. The agreement provides for the termination of an employee after the employee is off work for twelve consecutive months. Defendant terminated plaintiff shortly after he had been on leave for twelve consecutive months. At that time, plaintiff was still unable to lift more than seventy-five pounds.

■ State workers compensation law does not "require an employer to look for alternative work or create a position before terminating an injured employee who clearly cannot return to his prior position." *Griffin v. Dodge City Coop. Exchange*, 23 Kan. App.2d 139, 146, 927 P.2d 958 (1996). If plaintiff is unable to perform the functions of his former position without help, defendant need not accommodate him to avoid liability for workers compensation retaliation. *Id.* at 148-49, 927 P.2d 958. The court has already determined that plaintiff is unable to perform the essential functions of his former position and defendant is not liable for failing to find plaintiff another job.

■ A defendant is not subject to liability if the defendant: (1) discharges plaintiff pursuant to a neutral policy requiring termination; (2) employment is not conditioned on termination of a workers compensation claim; and (3) plaintiff is unable to perform his previous job. *Rowland v. Val-Agri, Inc.*, 13 Kan.App.2d 149, 153, 766 P.2d 819 (1988). In *Rowland*, the court granted summary judgment to the defendant who had discharged the plaintiff pursuant to "a company policy to terminate employees who have for any reason taken six consecutive months' leave." *Id.* at 150, 766 P.2d 819. The plaintiff suffered injuries at work disabling him from climbing and excessive walking. *Id.* The plaintiff did not return to work because his job required extensive climbing. *Id.* In holding that there was no evidence of retaliation, the court recognized that the defendant had not condi-

tioned reemployment on terminating the workers compensation claim and that the defendant would have retained the plaintiff if he had returned to work within the six months. *Id.* at 153, 766 P.2d 819.

In *Raymond v. Archer Daniels Midland Co.,* 762 F.Supp. 901 (D.Kan.1991), the court followed *Rowland* in a case identical to the case at bar. *Id.* at 904–05. The plaintiff in *Raymond* was a maintenance worker in defendant's Olathe plant. The plaintiff suffered a work-related injury that indisputably disabled the plaintiff from performing the functions of his job. *Id.* at 902. After twelve months of leave, the plaintiff was still unable to perform his job and defendant discharged the plaintiff pursuant to the same collective bargaining provision. *Id.* at 901–02. The court granted summary judgment because the plaintiff was discharged pursuant to a neutral company policy providing for termination after a specific duration of absence from work, there was no condition related to the plaintiff's workers compensation claim, and the plaintiff was still unable to return to work at the time of termination. *Id.* at 904–05.

The *Rowland* and *Raymond* cases preclude plaintiff from prevailing in the instant action. Defendant discharged plaintiff pursuant to a neutral company policy. There is no evidence that continued employment was conditioned on termination of the workers compensation claim. Moreover, plaintiff was unable to perform the essential functions of his former job at the time of termination. Under the circumstances of this case, Kansas law does not recognize a retaliatory discharge claim and there is no genuine issue of material fact regarding the retaliation claim.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion (Doc. 40) for summary judgment is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 16 day of December 1997.