**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EQUAL OPPORTUNITY
EMPLOYMENT COMMISSION,

     Plaintiff - Appellant,

v.

UNITED AIRLINES, INC.,

     Defendant - Appellee,

_____

BEVERLY M. BEHREND,

     Intervenor.

No. 98-2076
(D.C. No. CIV-95-478-LH)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **LUCERO**, Circuit Judges, **COOK**[**], District Judge.

This case presents the issue of whether a plaintiff bringing an action under

the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), must

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable H. Dale Cook, United States Senior District Judge for the Northern District of Oklahoma, sitting by designation.

present specific evidence comparing her own lifting capability to the lifting capability of the average worker in order to preclude summary judgment on defendant's argument that she suffers no substantial limitation in the major life activity of lifting. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we hold that such evidence is not necessary, and that the Equal Employment Opportunities Commission ("EEOC") presented a prima facie case on the issue of whether Beverley Behrend is a disabled person within the meaning of the ADA. We nevertheless affirm the district court's grant of summary judgment because even if Behrend is disabled, she is not an "otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A).

## I

The EEOC filed a public enforcement action against United Airlines, Inc. ("United"), alleging violations of 42 U.S.C. § 12112(b)(5).[1] Specifically, the EEOC contends that United violated the ADA by failing to accommodate and discriminatorily discharging Beverly Behrend, a United customer service representative ("CSR") in Albuquerque, New Mexico, because of a back injury that prevents Behrend from engaging in heavy lifting.[2] In February of 1992,

---

[1]Section 12112(b)(5) defines disability discrimination to include failure to make reasonable accommodations to the known disability of an otherwise qualified employee.

[2]Appellant EEOC emphasizes in its briefs that as a result of Behrend's injury, she is subject to a doctor-imposed, twenty-pound lifting restriction.

United learned that Behrend's 1989 injury is permanent and placed her on sick leave. In August of 1994, after Behrend had been on leave for over two years, she was fired.

United moved for summary judgment on the EEOC's ADA claims arguing, among other things, that Behrend is not a disabled person within the meaning of the ADA. Relying on 29 C.F.R. § 1630.2(j), the district court concluded that the EEOC failed to present evidence comparing Behrend's lifting capability to the lifting capability of an average person in the job population. Accordingly, the court granted summary judgment in favor of United on the ground that the EEOC failed to carry its burden on the issue of whether Behrend is a disabled person as defined by the ADA.[3]

On appeal, the EEOC contends that it advanced sufficient evidence to withstand summary judgment and that the district court employed an incorrect legal standard in assessing whether Behrend is a disabled person. United counters that even if the district court erred when it concluded that Behrend is not disabled, we should affirm the grant of summary judgment because Behrend is not able to perform the essential functions of her job and hence is not a "qualified individual with a disability." As a separate ground for affirmance, United argues

---

[3] The district court declined to address United's remaining arguments for summary judgment.

-3-

that Behrend refused what it describes as a reasonable accommodation of reassignment to its operations at Denver International Airport.

**II**

We review de novo a district court's grant of summary judgment. See White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court. . . . An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quoting Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995) (further citations omitted)). Although we must resolve doubts in favor of the non-moving party, "conclusory allegations standing alone will not defeat a properly supported motion for summary judgment." White, 45 F.3d at 363 (citing Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 530 (10th Cir. 1994)).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a). In order to sustain a claim under the ADA, the EEOC must show that (1) Behrend is disabled within the meaning of the

-4-

statute; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) United terminated her because of her disability. See White, 45 F.3d at 360-61.

The ADA defines "disability" to include a "physical or mental impairment that substantially limits one or more of the major life activities of [the] individual." 42 U.S.C. § 12102(2)(A). The term "substantially limits" means "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j).

We apply the following analysis to determine whether a person is a qualified individual with a disability:

> First, we must determine whether the individual could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue. Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions.

White, 45 F.3d at 361-62 (quoting Chandler v. City of Dallas, 2 F.3d 1385, 1393-94 (5th Cir. 1993)).

## III

We first consider whether the district court erred when it concluded that 29 C.F.R. § 1630.2(j) requires the EEOC to produce specific evidence comparing Behrend's lifting capability to the lifting capability of an average person in the job population. Based on our decision in Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170, 1174 (10th Cir. 1996), we conclude that such evidence is helpful, but not necessary to defeat a motion for summary judgment.

In Lowe, we concluded that if a plaintiff presents sufficient evidence to allow a reasonable fact finder to conclude that she is substantially limited in the major life activity of lifting, she need not present evidence specifically comparing her own lifting capability to that of an average worker to withstand defendant's summary judgment motion. See Lowe, 87 F.3d at 1173-74. Lowe involved facts similar to those at issue here. The plaintiff in Lowe brought a claim against her former employer alleging that she had been discharged in violation of the ADA because of a medical condition that forced her to adhere to a stringent, fifteen-pound lifting restriction. See Lowe, 87 F.3d at 1172. Applying the rule of Lowe, we conclude that 29 C.F.R. § 1630.2(j) merely articulates a legal standard and does not dictate how this standard is met. Thus, comparative lifting evidence is not necessary, as a matter of law, to withstand a motion for summary judgment.

United argues that our unpublished decision in <u>Gibbs v. St. Anthony Hospital</u>, No. 96-6063, 1997 WL 57156 (10th Cir. Feb. 12, 1997), requires affirmance of the district court's conclusion on this issue. In <u>Gibbs</u>, we found that the plaintiff's evidence of a twenty-five pound repetitive lifting restriction and a thirty-five pound occasional lifting restriction was insufficient to withstand a motion for summary judgment on the issue of whether that plaintiff was substantially limited in the major life activity of lifting. See <u>Gibbs</u>, 1997 WL 57156 at *2-3. Based on facts peculiar to that case, in <u>Gibbs</u> we concluded that specific evidence of comparative lifting capabilities was necessary for that plaintiff to survive summary judgment, but <u>Gibbs</u> does not change the rule that such evidence is not necessary, in every case, for a plaintiff to withstand summary judgment on the issue of disability. See <u>Lowe</u>, 87 F.3d at 1174.

Our decision in <u>Sutton v. United Airlines</u>, 130 F.3d 893 (10th Cir. 1997), <u>cert. granted</u>, 119 S.Ct. 790 (1999), is inapposite to the issue of whether specific comparative evidence is necessary, as a matter of law, for a plaintiff to withstand summary judgment on the disability issue. In <u>Sutton</u>, we affirmed the district court's dismissal of an ADA claim raised by near-sighted, prospective United pilots because these plaintiffs were unable to demonstrate that their vision problems constituted physical impairments that substantially limit a major life activity. We concluded that for the purpose of determining whether a physical

impairment substantially limits a major life activity, we will consider the plaintiff's ability to function with the aid of corrective measures.  See 130 F.3d at 902.  The Sutton plaintiffs have 20/20 vision with corrective lenses, and conceded that with such lenses they can carry out their daily activities in the same manner as visually unimpaired individuals. See id. at 903.  We thus concluded that the plaintiffs could not withstand a motion to dismiss on the issue of whether they are substantially limited, as compared to other individuals, in the major life activity of seeing.  But we did not, as United suggests, refuse to infer from non-comparative evidence that an ADA plaintiff has significant limitation as compared to an average person.  Instead, we rejected the plaintiffs' proof in Sutton as insufficient.  Unlike the Sutton plaintiffs, the EEOC has presented evidence indicating that with or without corrective measures, the amount and manner in which Behrend can lift is significantly less than that of an average person.

## IV

Based on our decision in Lowe, we cannot affirm the district court's grant of summary judgment on the disability issue.  The EEOC presented evidence that because of a permanent back injury Behrend generally cannot lift objects in excess of twenty pounds.  The EEOC also presented evidence regarding Behrend's inability to perform many everyday tasks, such as vacuuming, cleaning,

carrying groceries, and forms of exercise, that an average person can perform easily. In light of this evidence, it is immaterial that the EEOC presented no evidence specifically comparing Behrend's lifting ability to that of the general population. The EEOC's evidence could lead a reasonable jury to conclude that Behrend has a disability within the meaning of the ADA. See Lowe, 87 F.3d at 1174. Accordingly, the district court erred when it concluded that the EEOC did not present sufficient evidence to withstand summary judgment on the disability issue.

V

Despite that conclusion, we affirm the district court's grant of summary judgment because Behrend is not an "otherwise qualified individual with a disability," 42 U.S.C. § 12112(b)(5)(A), and is unable to perform the essential functions of the CSR position. An appellate court can affirm a grant of summary judgment "on grounds other than those relied on by the district court when the record contains an adequate and independent basis for that result." Bolton v. Scrivner, Inc., 36 F.3d 939, 942 (10th Cir. 1994) (quoting Cone, 14 F.3d at 528).

As noted above, to determine whether Behrend is a qualified individual with a disability under the ADA, we consider first whether she can perform the essential functions of her job. If she cannot, we consider whether a reasonable accommodation would enable her to perform these essential functions. See

White, 45 F.3d at 361-62.  Viewing the record in the light most favorable to the

EEOC, see Aldrich v. Boeing Co., 146 F.3d 1265, 1271 (10th Cir. 1998), cert.

denied, 67 U.S.L.W. 3376 (U.S. June 1, 1999) (No. 98-859), we find no genuine

issue of material fact as to Behrend's inability to perform the essential functions

of the CSR position.

The essential functions of the CSR position are "those functions that the

individual who holds the position must be able to perform unaided or with the

assistance of a reasonable accommodation."  29 C.F.R. § 1630, App. § 1630.2(n).

> (2) A job function may be considered essential for any of several
> reasons, including but not limited to the following: (I) The function
> may be essential because the reason the position exists is to perform
> that function; (ii) The function may be essential because of the
> limited number of employees available among whom the performance
> of that job function can be distributed; and/or (iii) The function may
> be highly specialized so that the incumbent in the position is hired
> for his or her expertise or ability to perform the particular function.
>
> (3) Evidence of whether a particular function is essential includes,
> but is not limited to: (I) The employer's judgment as to which
> functions are essential; (ii) Written job descriptions prepared before
> advertising or interviewing applications for the job; (iii) The amount
> of time spent on the job performing the function; (iv) The
> consequences of not requiring the incumbent to perform the
> function; (v) The terms of the collective bargaining agreement; (vi)
> The work experience of past incumbents in the job; and/or (vii) The
> current work experience of incumbents in similar jobs.

29 C.F.R. § 1630.2(n)(2)-(3); see also 42 U.S.C. § 12111(8) (providing

abbreviated criteria).

Applying these factors, we conclude that heavy lifting is an essential

function of the CSR position. According to Sharon Neal, the Manager of Customer Service for United in Albuquerque and CSR supervisor, "[United's] primary goal is to get customers and their baggage to their destinations on time and in a friendly and safe manner." Appellee's Supp. App. II at 195. The record is replete with testimony by CSRs that the job entails lifting and moving baggage at the ticket counter, gate, ramp, and baggage service work stations. It also entails assisting disabled passengers on and off of aircraft. The CSR job description effective in November 1991, indicates that CSRs must be able to lift up to seventy pounds. United's vocational expert, Janet Toney, attests that CSRs engage in heavy lifting at every Albuquerque work station. Even appellant's own experts, Dr. Pransky and Dr. Caruolo, indicate in their draft expert report that the airline industry generally considers lifting and moving baggage to be an essential function of the CSR position.

As appellants emphasize in support of their argument on the disability issue, Behrend is subject to a stringent twenty-pound lifting restriction. She cannot perform the heavy lifting necessary to move baggage and assist disabled passengers on and off of aircraft. Accordingly, she cannot perform the essential functions of the CSR position.

Moreover, there is no reasonable accommodation that would enable Behrend to perform the essential CSR job function of lifting. As noted above, all

-11-

of the CSR work assignments require heavy lifting. Even if United assigned Behrend to work permanently and exclusively at the ticket counter and installed a perpendicular conveyor belt to minimize her baggage lifting duties, Behrend would still have to perform heavy lifting of odd-sized baggage, such as strollers, backpacks, and skis. Where odd-sized pieces exceeded Behrend's limited lifting capacity, she would need to obtain help from coworkers. The record indicates that such help might not always be available. In addition, the need to assist Behrend would increase the difficulty of Behrend's coworkers' jobs. For these reasons, such an accommodation is not required by the ADA. See Milton v. Scrivner, Inc., 53 F.3d 1118, 1124-25 (10th Cir. 1995) ("[A]n employer is not required by the ADA to reallocate job duties in order to change the essential function of a job. See 29 C.F.R. Pt. 1630 App. § 1630.2(o). . . . An accommodation that would result in other employees having to worker harder or longer hours is not required. See 29 C.F.R. § 1630.2(p)(2)(v).").

Moreover, to require United to assign Behrend to a permanent ticket counter-only position would impermissibly force United to create a new position to accommodate Behrend's disability. See White, 45 F.3d at 362. Aside from one seniority-allocated job, United has not heretofore permanently assigned CSRs to work exclusively at the ticket counter, and United is not obligated, as a

-12-

reasonable accommodation, to create a new position for Behrend's benefit.  <u>See</u>

<u>id.</u>[4]

Behrend cannot perform the essential functions at any of the CSR work

stations with or without reasonable accommodation.  Thus, she does not qualify as

an otherwise qualified individual with a disability under the ADA.[5]

**AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[4]Behrend's seniority did not qualify her for such an assignment.

[5] Because we affirm the district court's grant of summary judgment on the ground that Behrend cannot perform essential job functions, we do not reach United's argument that it is entitled to summary judgment on the ground that Behrend refused an offer of reassignment.  With respect to the reassignment issue, however, we note that appellant does not argue that United violated the ADA by failing to reassign Behrend to a job for which she was qualified.  We also note that there were no positions in Albuquerque to which Behrend could have been reassigned and that Behrend rejected the possibility of reassignment to Denver International Airport.