**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 17 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LOUIS RAY LUSK,

Plaintiff-Appellant,

v.

No. 99-6297

RYDER INTEGRATED LOGISTICS,
a/k/a RYDER SYSTEM, INC.,

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 97-CV-1269-R)

Jefferson I. Rust (Jim T. Priest and Lora F. Irani on the brief), of McKinney & Stringer, P.C., Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Kevin P. Doyle (John F. McCormick, Jr. and Harry A. Parrish, with him on the brief), of Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Oklahoma, for Defendant-Appellee.

Before **BALDOCK** and **McWILLIAMS**, Circuit Judges, and **SHADUR**,[*] District Judge.

**BALDOCK**, Circuit Judge.

---

[*] The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff Louis Ray Lusk has a forty pound permanent lifting restriction due to a heart condition. He filed a complaint against his former employer, Defendant Ryder Integrated Logistics, alleging disability discrimination under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101-12213, and wrongful discharge under the Oklahoma's Workers' Compensation Act, Okla. Stat. tit. 85, §§ 5-6. The district court granted summary judgment for Defendant on the ADA claim, see Fed. R. Civ. P. 56, holding that Plaintiff failed to submit evidence creating a genuine issue of material fact as to whether he was "disabled" under the ADA. Plaintiff subsequently requested the district court to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the issue of whether he was required to proffer comparative evidence of lifting restrictions in the general population to establish a genuine issue of material fact as to his alleged disability.

The district court certified the following issue for interlocutory appeal: Whether, to avoid summary judgment on Plaintiff's ADA claim, our decision in Lowe v. Angelo's Italian Foods, Inc., 87 F.3d 1170 (10th Cir. 1996), required Plaintiff to present evidence as to the number of pounds that the average person in the general population can lift and/or the conditions, frequency, or duration under which the average person can lift that amount of weight. We granted Plaintiff's petition for leave to appeal pursuant to

§ 1292(b).[1] We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Applying this standard, we uphold the district court's grant of summary judgment in favor of Defendant.

## I.

The relevant facts as they relate to the issue of Plaintiff's disability are brief and undisputed. Plaintiff worked as a truck driver for Defendant, delivering goods from a warehouse to Dollar General Stores. During his employment, Plaintiff suffered an on-the-job injury to his heart. Plaintiff successfully underwent open heart surgery and was released to return to work. The doctors, however, imposed a permanent forty pound lifting restriction upon Plaintiff. Defendant required Plaintiff to undergo a physical exam

---

[1] Because the district court disposed of Plaintiff's ADA claim in its entirety, Plaintiff should have sought entry of final judgment as to that claim pursuant to Fed. R. Civ. P. 54(b). Under Rule 54(b), the district court "may direct the entry of final judgment as to one or more but fewer than all the claims . . . upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment. See Heimann v. Snead, 133 F.3d 767 (10th Cir. 1998) (per curiam). Section 1292(b), meanwhile, applies not to the disposition of claims, but to "order[s] not otherwise appealable." Under Rule 54(b), the exercise of appellate jurisdiction is proper if the court of appeals is satisfied that the district court did not abuse its discretion in certifying the appeal, see Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445 (1956); see also 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2655 (3d ed. 1998), while under § 1292(b), the exercise of appellate jurisdiction is wholly discretionary. We shall address the specific issue which the district court certified under § 1292(b) in the context of our discussion of the court's grant of summary judgment on Plaintiff's ADA claim.

by the company doctor before Plaintiff could return to work. Although Plaintiff passed the physical exam, Defendant eventually terminated Plaintiff's employment without allowing him to return to work.

Plaintiff subsequently filed suit. The district court initially denied Defendant's motion for summary judgment on Plaintiff's ADA claim. Upon reconsideration, however, the court reversed its prior determination and held that no reasonable jury could find that Plaintiff was disabled within the meaning of the ADA. According to the court, Plaintiff was not "substantially limited" in the major life activity of lifting solely because doctors restricted him from lifting in excess of forty pounds. The court reasoned that because Plaintiff presented no comparative evidence of lifting restrictions in the general population, summary judgment was proper.[2] In addition to concluding that Plaintiff was not actually disabled within the meaning of the ADA, the court also concluded that Plaintiff had no record of such a disability; nor did Defendant regard Plaintiff as having such a disability.

II.

_____

[2] In his appellate brief, Plaintiff attempts to raise the issue of whether the district court erred in refusing to consider evidence of the lifting capabilities of the average person which Plaintiff offered subsequent to the court's grant of summary judgment. The district court did not request that we address this issue and did not certify it for appeal. Therefore, we express no opinion on the issue. Our decision is based entirely upon the record as it existed at the time the district court entered summary judgment in favor of Defendant. Our opinion, however, does not prohibit the district court from considering this additional evidence on remand if law and justice so require.

To establish a prima facie case of discrimination under the ADA, Plaintiff must first establish that he is "disabled" within the meaning of the statute. See Rascon v. US West Telecomm., Inc., 143 F.3d 1324, 1332 (10th Cir. 1998). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff claims that genuine issues of material fact exist as to the issue of whether he is "disabled" within the meaning of the ADA.

## A. Actual Impairment

Plaintiff claims that he is "disabled" under the ADA because he has an impairment that substantially limits the major life activity of lifting. See id. § 12102(2)(A). Plaintiff clearly has an impairment and the definition of a "major life activity" includes lifting. See Lowe, 87 F.3d at 1172. The question is whether Plaintiff's impairment "substantially limits" his major life activity of lifting. An impairment "substantially limits" a major life activity if the individual is unable to perform the activity or is significantly restricted in the ability to perform the major life activity compared to the general population. See 29 C.F.R. § 1630.2(j)(1).[3] A court must consider three factors in determining whether an

___

[3] Section 1630.2(j)(1) defines the term "substantially limits" as–

   (i) Unable to perform a major life activity that the average person in the general population can perform; or

(continued...)

5

impairment substantially limits a major life activity: (1) the nature and severity of the impairment, (2) the duration or expected duration of the impairment, and (3) the permanent or long term impact resulting from the impairment. Id. § 1630.2(j)(2).

In concluding that Plaintiff's forty pound lifting restriction alone did not, as a matter of law, substantially limit Plaintiff's major life activity of lifting, the district court cited our decision in Gibbs v. St. Anthony Hospital, No. 96-6063, 1997 WL 57156 (10th Cir. Feb. 12, 1997) (unpublished).[4] In Gibbs, we held that evidence of a twenty-five pound repetitive lifting restriction and a thirty-five pound occasional lifting restriction, without more, was insufficient to establish that plaintiff was substantially limited in the major life activity of lifting. Gibbs, 1997 WL 57156 at *2. We based our holding in Gibbs on plaintiff's failure to present evidence comparing her lifting restrictions to that of an average person as contemplated by 29 U.S.C. § 1630.2(j)(1). We stated in Gibbs:

> Plaintiff urges this court to "infer" that she has demonstrated a significant restriction on the major life activity of lifting. This evidence in fact says nothing about the capabilities of the average person to allow a comparison,

---

[3](...continued)
   (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

(emphasis added).

[4] Under 10th Cir. R. 36.3(A), an order and judgment is not binding precedent. Citation to unpublished decisions is appropriate only if "it has persuasive value with respect to a material issue that has not been addressed in a published opinion." 10th Cir. R. 36.3(B)(1).

however, and we therefore hold that plaintiff's evidence is insufficient to show she is substantially limited in the major life activity of lifting.

Gibbs, 1997 WL 57156 at *2.

By comparison, in Lowe we did not require comparative evidence where plaintiff presented evidence that she suffered from multiple sclerosis and that as a result she was restricted from lifting in excess of fifteen pounds and could lift items weighing less than fifteen pounds only occasionally. Lowe, 87 F.3d at 1174. Based on these facts, we concluded that plaintiff's lifting impairment appeared substantially limiting on its face, and thus plaintiff created a genuine issue of material fact with respect to whether her impairment substantially limited the major life activity of lifting. Id. We did note, however, that comparative evidence would assist the trier of fact on remand. Id. Lowe thus stands for the proposition that comparative evidence is not required as a matter of law to withstand a motion for summary judgment where the impairment appears substantially limiting on its face. See Lowe, 87 F.3d at 1174.

Unlike a permanent fifteen pound lifting restriction, however, we are unwilling to conclude that a permanent forty pound lifting restriction appears substantially limiting on its face. A number of our sister circuits have held that lifting restrictions similar to Plaintiff's are not substantially limiting on their face. E.g., Gutridge v. Clure, 153 F.3d 898, 900 (8th Cir. 1998) (forty-five pound restriction does not amount to a substantial limitation on the ability to lift); Thompson v. Holy Family Hospital, 121 F.3d 537, 540 (9th Cir. 1997) (same as to twenty-five pound lifting restriction); Williams v. Channel

7

Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir. 1996) (same as to twenty-five pound lifting restriction). Evidence that a lifting impairment merely affects a major life activity is generally insufficient; rather, a plaintiff must produce comparative evidence from which a reasonable inference can be drawn that such activity is substantially limited. 29 C.F.R. § 1630.2(j)(1); Snow v. Ridgeview Medical Center, 128 F.3d 1201, 1207 (8th Cir. 1997).

Plaintiff's evidence in this case is insufficient to prove his impairment substantially limits his lifting as required under the ADA. Plaintiff relies on a statement made by his doctor that he has a "40% total permanent partial impairment." Although this statement reaffirms the fact that Plaintiff has an impairment, the only restriction recommended by the doctor is the forty pound lifting restriction. A review of the record reveals no evidence beyond the lifting restriction itself to demonstrate Plaintiff is substantially limited in the major life activity of lifting. Plaintiff did not describe any substantial limitations on his day-to-day activities or the long-term impact of his restriction during his deposition, nor did he present any comparative evidence as to the general population's lifting capabilities. Therefore, we agree with the district court that Plaintiff failed to produce sufficient evidence to establish (for the purpose of defeating summary judgment) that his lifting restriction is substantially limiting.

## B. Record of Impairment

Plaintiff also argues he is disabled because he has a record of impairment.

See 42 U.S.C. § 12102(2)(B). The EEOC regulations, however, make clear that the impairment indicated in the record must be one that substantially limits a major life activity. Sorensen v. University of Utah Hospital, 194 F.3d 1084, 1087 (10th Cir. 1999) (citing 29 C.F.R. § 1630.2(k)). Plaintiff's medical records contain evidence of a forty pound lifting restriction and nothing more. We have already determined that Plaintiff failed to produce evidence sufficient to show his forty pound lifting restriction substantially limits a major life activity. Therefore, Plaintiff's claim that he has a record of impairment must also fail.

## C. Regarded as Disabled

Under the ADA, the definition of disability also includes being regarded as having an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2)(C). A person is "regarded as" disabled within the meaning of the ADA if "'(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that the person's actual, non-limiting impairment substantially limits one or more major life activities.'" Sorensen, 194 F.3d at 1088 (quoting Sutton v. United Airlines, 527 U.S. 471, 489 (1999)). Defendant's belief that Plaintiff could no longer perform a job that required lifting in excess of Plaintiff's capabilities does not mean that Defendant regarded Plaintiff as disabled. See Thompson, 121 F.3d at 541 ("Even if [defendant] believed that [plaintiff] was incapable of lifting 25 pounds, it does not follow that [defendant]

9

regarded her as disabled."). Where the recognition of Plaintiff's limitations is not an erroneous perception, but is instead a recognition of fact, a finding that Plaintiff was regarded as disabled is inappropriate. Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230 (11th Cir. 1999).

Plaintiff's evidence merely shows that the Defendant acknowledged his lifting restriction and treated him accordingly. The record contains no evidence that Defendant misperceived the extent of Plaintiff's limitation. Defendant's perception of Plaintiff was not based on speculation, stereotype or myth, but on the doctor's written evaluations of Plaintiff's condition. See Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995). Plaintiff argues that an internal memorandum and various correspondence from Defendant in which they refer to him as disabled is sufficient to show he was regarded as disabled. The use of the term disabled shows that Defendant acknowledged Plaintiff's impairment and his lifting restriction, nothing more. Plaintiff failed to present sufficient evidence that Defendant treated or regarded him as having an impairment that substantially limits his major life activity of lifting. See Hilburn, 181 F.3d at 1230 ("As with actual disabilities, a perceived impairment must be believed to substantially limit a major life activity of the individual.").

AFFIRMED AND REMANDED.

10