Conway v. Catholic Med. Center      CV-00-042-JD   03/26/01
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Cheryl Conway

        v.                            Civil No. 00-42-JD
                                      Opinion No. 2001 DNH 059
Catholic Medical Center


                           O R D E R


    The plaintiff, Cheryl Conway, brings an action against her

former employer, Catholic Medical Center ("CMC"), alleging that

her termination violated the Americans with Disabilities Act, 42

U.S.C.A. § 12101 et seq., ("ADA").   CMC moves for summary

judgment on the ground that Conway was not disabled within the

meaning of the ADA.   Conway objects, pointing out that CMC failed

to move for summary judgment with respect to her claim that CMC

regarded her as being disabled.



                        Standard of Review

    Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."   Fed. R. Civ. P.

56(c).   The moving party "bears the initial responsibility of

informing the district court of the basis for its motion, and

identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party also bears the ultimate burden of persuasion on the motion. See Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000).

The record evidence is construed in the light most favorable to the nonmoving party and all reasonable inferences are construed in that party's favor. See Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 56 (1st Cir. 2001). A material fact is one that "has the potential to change the outcome of the suit under the governing law" and a factual dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Grant's Dairy--Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000). Therefore, summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party under the governing legal standard. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Background

Cheryl Conway was employed by CMC as a respiratory therapist from 1982 until March or April of 1999. In April of 1998, Conway

2

was in a car accident in which she injured her back and neck. She was out of work for six months and then returned to work on the Temporary Alternative Duty program.  As a result of her injuries, Conway has permanent impairments and limitations on her ability to lift, carry, and sit.

In February of 1999, her doctor released her to work with a permanent thirty-pound lifting restriction.  A "Limited Functional Capacity Evaluation" completed on March 1, 1999, found that Conway's ability to sit was limited to between forty-five minutes and one hour and her ability to carry was limited to twenty pounds occasionally and ten pounds frequently.  Her ability to lift to a height of one foot was limited to thirty pounds occasionally and ten pounds frequently; shoulder height lifting was limited to twenty pounds occasionally and ten pounds frequently, and overhead lifting was limited to fifteen pounds occasionally and seven pounds frequently.

CMC would not permit Conway to take an available respiratory therapist position, because the job description included a fifty-pound lift requirement, and would not consider her for any clinical or patient care position because of the same requirement.  Conway left employment at CMC in April of 1999.

In June of 1999, Conway was employed by Concord Hospital in the position of Clinical Leader Pulmonary Rehabilitation.  She

3

has been able to perform all required tasks in that position despite her thirty-pound lift limitation.  Conway does not consider herself to be otherwise restricted.

## Discussion

In her complaint, Conway contends that CMC discriminated against her based on her actual disability, due to her lift restriction, and because CMC regarded her as disabled due to the same restriction.  CMC moves for summary judgment, asserting that Conway was not disabled within the meaning of the ADA.  Conway objects, contending that CMC did not move for summary judgment with respect to her "regarded as being disabled" claim and asserting the validity of her actual disability claim despite the weight of authority against her.

An individual may be disabled within the meaning of the ADA because of her actual impairment or because her employer regards her as being disabled.  See 42 U.S.C.A. § 12102(2); Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 521 (1999); Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999); Katz v. City Metal Co., Inc., 87 F.3d 26, 30 (1st Cir. 1996).  Conway raised both claims in her complaint.  CMC moved for summary judgment only as to the actual disability claim and addressed the "regarded as" claim for the first time in its reply memorandum.

4

Since CMC did not seek summary judgment on the "regarded as" claim, the court will not consider issues raised for the first time in a reply memorandum. See, e.g., Andrews v. Emerald Green Pension Fund, 2000 WL 760729, at *4 n.6 (D. Me. Jan. 26, 2000).

"To state a prima facie claim of disability discrimination under the ADA, a plaintiff must prove by a preponderance of the evidence that: (1) [s]he was disabled within the meaning of the Act; (2) [s]he was a qualified individual, i.e. able to perform the essential functions of the position with or without reasonable accommodation; and (3) [s]he was discharged because of [her] disability." Ward v. Mass. Health Research Inst., 209 F.3d 29, 33 (1st Cir. 2000). Because the ADA protects only individuals with defined disabilities, the threshold question for an ADA claim is whether the plaintiff is disabled within the meaning of the Act. See Arnold v. United Parcel Serv., Inc., 136 F.3d 854, 858-59 (1st Cir. 1998); see also Weber v. Strippit, Inc., 186 F.3d 907, 912 (8th Cir. 1999).

Disability is defined in the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities . . . ." § 12102(2)(A). Major life activities include "caring for oneself, performing manual tasks, walking,

5

seeing, hearing, speaking, breathing, learning, and working."[1]
29 C.F.R. § 1630.2(i). Conway claims that her physical
impairments from her back injury have substantially limited her
ability to lift, carry objects, and sit.[2]

"Substantially limits" means "(i) Unable to perform a major
life activity that the average person in the general population
can perform; or (ii) Significantly restricted as to the
condition, manner or duration under which an individual can
perform a major life activity as compared to . . . the general
population . . . ." 29 C.F.R. § 1630.2(j)(1). Factors to be
considered in evaluating whether a major life activity is
substantially limited are the nature and severity of the
impairment, its duration, and its permanent or long term impact.
See id. § 1630.2(j)(2). An ADA plaintiff assumes a fact-specific
burden to demonstrate that her impairment substantially limits
her ability to perform a major life function. See id.; see also

---

[1]Since the parties rely on the regulations implementing the
provisions of the ADA, the court does so as well, without
deciding their validity or the appropriate deference to be
accorded them. See Sutton, 527 U.S. at 479-480.

[2]In the motion, CMC does not contest that sitting, carrying,
and lifting are major life activities within the meaning of the
ADA. See, e.g., Dupre v. Charter Behavioral Health Sys. of
Lafayette, Inc., 2001 WL 135306, at *3 n.3 (5th Cir. Feb. 16,
2001). Conway does not assert that her restrictions cause her to
be actually disabled from working.

6

Sutton, 527 U.S. at 491-92; <u>Duncan v. Washington Metro. Area Transit Auth.</u>, 2001 WL 201976 (publication page references not available) (D.C. Cir. Mar. 2, 2001); <u>Helfter v. United Parcel Serv., Inc.</u>, 115 F.3d 613, 616 (8th Cir. 1997).

In this case, Conway presents her "Limited Functional Capacity Evaluation" as evidence of her impairments. According to the evaluation, Conway's ability to lift and carry is limited to weights of less than thirty pounds. She is able to sit for periods of up to one hour.

Conway concedes that the circuits which have addressed the issue have held that lifting and carrying restrictions similar to hers are not, standing alone, substantially limiting. <u>See, e.g.</u>, <u>Lusk v. Ryder Integrated Logistics</u>, 238 F.3d 1237, 1240 (10th Cir. 2001) (discussing cases); <u>Marinelli v. Erie, Penn.</u>, 216 F.3d 354, 364 (3d Cir. 2000) (same). Sitting restrictions similar to Conway's also have been held not to constitute a disability under the ADA. <u>See</u> <u>Dupre</u>, 2001 WL 135306, at *3-4. Because the First Circuit has not issued a decision on point, Conway argues that her restrictions are sufficiently limiting to make her disabled.

Conway, however, has not offered sufficient evidence of her limitations in the summary judgment record to show that a trialworthy issue exists. As CMC points out, the record evidence shows that Conway has returned to most of her normal activities

7

including work.  Conway offers no evidence in support of the effect of her restrictions other than her functional capacity evaluation.  Given the nature of her restrictions, that evidence is insufficient to show a genuine issue of material fact with respect to whether Conway's physical restrictions substantially limit the major life functions of lifting, carrying, or sitting. See, e.g., Lusk, 238 F.3d at 1240; Maynard v. Pneumatic Prods. Corp., 233 F.3d 1344, 1348 (11th Cir. 2000).

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment on the plaintiff's claim of actual disability (document no. 9) is granted.  As the defendant's motion did not address the plaintiff's claim of being regarded as disabled, that claim has not been considered for purposes of summary judgment.

Given the parties' motion, objection, reply, and surreply, and supporting memoranda, the court concludes that oral arguments would not be of assistance.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

March 26, 2001
cc:  Scott F. Johnson, Esquire
     Andrea K. Johnstone, Esquire

8