**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEROME VINEY WILLIAMS, SR.,

Plaintiff-Appellant,

v.

HALLMARK CARDS, INC.,

Defendant-Appellee.

No. 00-3199
(D.C. No. 98-CV-4030)
(D. Kan.)

---

ORDER AND JUDGMENT *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of the district court's grant of summary judgment in favor of defendant Hallmark Cards, Inc., and its alternative dismissal of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

plaintiff's case for lack of prosecution. Plaintiff claimed he was terminated in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, et seq. We disagree and affirm the grant of summary judgment. [1]

Plaintiff held various jobs with defendant Hallmark for approximately eight years, during which he met the requirements of his employment and was qualified to perform the duties of his positions. On April 9, 1997, at approximately 6:30 p.m., plaintiff accidentally bumped into a gate while operating a stand-up lift truck. He later reported the incident to a supervisor, who advised he would need to report to a hospital for a post-accident drug screen in accordance with Hallmark's drug free workplace policy. Accompanied by two supervisors, plaintiff arrived at the hospital about 8:15 p.m.

Plaintiff was unable to produce the required urine specimen and asked to give a blood sample instead. This request was refused. A breath alcohol test proved negative for alcohol ingestion. Plaintiff remained at the hospital until approximately 3:40 a.m. April 10, still unable to produce the urine sample. During the course of plaintiff's stay at the hospital, he was offered water and soda, which he refused, and afforded the opportunity to walk around or sit in

---

[1] Because we can affirm the district court's grant of summary judgment, we need not address plaintiff's argument that his failure to respond to the district court's order to file a written report was not his fault because the court notified his former counsel, rather than him, of the court's directive.

another room in order to relax, which he also declined. Finally, he was advised he could provide the sample by catheterization, but he refused. During this time period he was informed that failure to produce a urine sample would constitute a refusal to submit to testing, resulting in his termination.

On April 10 plaintiff was suspended. He obtained his own urine test on April 11, which was negative for illegal drugs. He met with Hallmark's medical review officer, Dr. Heligman, explaining his medication and reporting his daily urination schedule. Plaintiff reported no history of urological or renal disorders. The doctor concluded there was no medical reason for plaintiff's inability to provide a urine specimen. He was terminated on May 8 for failing to provide a urine sample on April 9-10.

Plaintiff's alleged disability is bipolar manic depression, which he has suffered since 1991. He does not controvert Hallmark's statement that from 1991 to 1997 he was generally functional, i.e., "able to work, to interact with his family and friends, and to engage in aerobic exercise." R. Doc. 36 at 9; Doc. 39 at 8-9. Moreover, he testified in his deposition that the depression did not affect his working. Although Hallmark alleges plaintiff never reported he was disabled, plaintiff claims he informed Dr. Heligman he was taking both Prozac and sleep medication because of bipolar affective disorder. He claims he told one of his supervisors as well; however, the alleged dates of these disclosures were *after*

the failed drug screening. R. Doc. 39, Pl. Aff. at 1-2. During his deposition,

he admitted he had not told anyone in management that he suffered from manic

depression, although he believed one of the Hallmark doctors may have done so.

He also specifically stated he had not told Hallmark that he was disabled.

We review the grant of summary judgment de novo, applying the same legal

standard. See Steele v. Thiokol Corp., 241 F.3d 1248, 1252 (10th Cir. 2001).

"Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 26(c)).

Applying this standard, we view the evidence and draw reasonable inferences

from that evidence in the light most favorable to the nonmoving party. Id.

In order to bring a claim under the ADA, a plaintiff must demonstrate that

he is a qualified person with a disability. Id. Disability is defined as either

a physical or mental impairment substantially limiting one or more of the major

life activities of the individual, or a record of such impairment, or being regarded

as having the impairment. See id. at 1253. It is at this threshold stage that

plaintiff's legal argument collapses because he presented no facts showing his manic depression substantially limited a major life activity. [2]

Although depression can be an impairment, see Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495 (10th Cir. 2000), to the extent that plaintiff claimed his ability to sleep [3] was affected by the medication prescribed for his depression, he admitted that other medication was prescribed to help him sleep and that he did not take this on a daily basis. See Sutton v. United Airlines, Inc., 527 U.S. 471, 482 (1999) (if person takes measures to correct or mitigate impairment, effect of those measures must be considered when judging if person is substantially limited in major life activity). There is no evidence that plaintiff's difficulty in sleeping was severe, long term or had a permanent impact. Pack v. Kmart Corp., 166 F.3d 1300, 1306 (10th Cir. 1999).

The court "is to analyze only the major life activity asserted by the plaintiff." Doyal, 213 F.3d at 496 (quoting Poindexter v. Atchison, Topeka &

---

[2] A plaintiff is substantially limited if unable to perform a major life activity the average person can perform or significantly restricted as to the condition, manner or duration under which he can perform the major life activity. Steele, 241 F.3d at 1254; see also 29 C.F.R. § 1630.2(j)(1). In determining whether an impairment substantially limits a major life activity, the court considers the impairment's nature and severity, its duration or expected duration, and its permanent or long-term impact. See Lusk v. Ryder Integrated Logistics, 238 F.3d 1237, 1240 (10th Cir. 2001).

[3] Sleep is a major life activity. See Pack v. Kmart Corp., 166 F.3d 1300, 1305 (10th Cir. 1999).

Santa Fe Ry. , 168 F.3d 1228, 1231 (10th Cir. 1999)). Even assuming plaintiff adequately alleged that the medication he takes for the sleep problem affects his ability to urinate, he is not substantially limited in this regard, either. He testified that he drinks coffee in the morning and regularly urinates during that time. He also testified he had urinated twice, once in the morning and once in the afternoon, before reporting to work on April 9. Plaintiff thus failed to establish any substantial limitation on his ability to urinate. A disability requires more than just a medical diagnosis of a particular condition; it requires substantial limitation on a major life activity. See 29 C.F.R. pt. 1630, App. § 1630.2(j) ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual.").

Because plaintiff failed to establish he was a qualified person with a disability, the district court properly granted summary judgment to Hallmark.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephanie K. Seymour
Circuit Judge