**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY VELARDE,

        Plaintiff - Appellant,

v.

ASSOCIATED REGIONAL AND
UNIVERSITY PATHOLOGISTS, a
Utah corporation,

        Defendant - Appellee.

No. 02-4073
District of Utah
D.C. No. 2:97-CV-524-ST

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **McKAY** , and **McCONNELL** , Circuit Judges. **

    Plaintiff Roy Velarde filed a complaint against his former employer,

Associated Regional and University Pathologists (ARUP), alleging discrimination

under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et. seq.*

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.

The district court granted summary judgment for Defendant, finding that Plaintiff failed to submit evidence creating a genuine issue of material fact as to whether he was "disabled" within the meaning of the ADA. On appeal, we review the district court's grant of summary judgment *de novo*, applying the same legal standards as the district court. *Baty v. Willamette Indust., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999). We affirm the district court's grant of summary judgment in favor of the Defendant.

Defendant ARUP conducts laboratory testing of medical specimens received from medical providers. Velarde worked as a full time courier for ARUP. His duties included traveling to various locations and picking up specimens for testing. According to the job description, a courier must be "able to maneuver boxes weighing up to fifty pounds." Appellee's App. at 22-23. Velarde was assigned to several routes, including one to the airport to pick up specimens arriving from out of state (the "airport route"), and one to the University of Utah health care facilities (the "University route"). According to Velarde, the airport route required more driving and less lifting than the University route.

In October of 1994, Velarde began experiencing back pain. He took off time from work and received treatment at the University of Utah Spine Center. In late December of that year, Velarde returned to work under a twenty-five pound

2

lifting restriction. Velarde worked for a few weeks in early 1995 before again taking medical leave due to his back pain. On May 25, 1995, after several weeks of treatment and diagnosis, Velarde's physician allowed him to return to work with a twenty-five pound lifting restriction, with no repetitive lifting. Appellee's App. at 66. These restrictions were reaffirmed on June 12, 1995. Appellee's App. at 94. On June 17, 1995, Velarde suffered a non-work related injury, and Velarde, in consultation with his doctors, determined that he could not return to work. ARUP terminated Velarde's employment on July 18, 1995.

In *Toyota Motor Manufacturing v. Williams*, 534 U.S. 184, 197 (2002), the Supreme Court held that to qualify as "disabled" under the ADA, a claimant must demonstrate that his impairment imposes a "substantial" limitation on a "major life activity." The Court defined substantial impairment as "an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Id*. at 198; *see also Lusk v. Ryder Integrated Logistics*, 238 F.3d 1237, 1239 (10th Cir. 2001).

The parties are in agreement that Plaintiff is impaired, and that lifting is a major life activity. *See Lowe v. Angelo's Italian Foods, Inc.,* 87 F.3d 1170, 1172 (10th Cir. 1996) (lifting is major life activity); *Lusk,* 238 F.3d at 1240 (same). Thus, the relevant question is whether Plaintiff's impairment "substantially limits" the major life activity of lifting.

3

In reliance on the Equal Employment Opportunity Commission's (EEOC) regulations interpreting the ADA, 29 C.F.R.§ 1630.2(j)(1),[1] this Court has held that to demonstrate that an impairment is substantially limiting a plaintiff must show that he is "unable to perform the activity or is significantly restricted in the ability to perform the major life activity compared to the general population." *Lusk*, 238 F.3d at 1240. Where an impairment is not so severe that it is "substantially limiting on its face," an ADA plaintiff must present "evidence comparing her . . . restrictions to that of an average person." *Id.*[2] Limitations on the ability to engage in life activities, such as lifting heavy objects, is part of the human condition, and unless an ADA plaintiff can show that his impairment reduces his capabilities significantly below those of the average person, he is not deemed "disabled" under the Act.

Not every impairment necessitates a presentation of comparative evidence. Some impairments are substantially limiting on their face. For example, in *Lowe*, we found that a multiple sclerosis patient was disabled within the meaning of the

[1]In *Toyota Motor*, 534 U.S. at 194, the Supreme Court declined to decide what level of deference, if any, should be given to the EEOC's interpretation of the term "disability" as defined in 29 C.F.R. § 1630.2(g)-(j). This Court, however, has adopted the standard embodied in 29 C.F.R. § 1630.2(j) as the rule for this Circuit. *Lusk*, 238 F.3d at 1240.

[2] It may be possible in certain cases for a plaintiff to meet this burden by presenting particularized evidence regarding the effect of his impairment "on his day-to-day activities or the long-term impact of his restriction." *Lusk*, 238 F.3d at 1241.

4

ADA upon a showing that she could not lift more than fifteen pounds absolutely and even less than fifteen pounds only on occasion. *Lowe,* 87 F.3d at 1174. Because this impairment was "substantially limiting on its face," we held that the plaintiff in *Lowe* did not have to present comparative evidence to withstand summary judgement. *Id.*; *see also Lusk,* 238 F.3d at 1240-41.

However, regarding the twenty-five pound lifting restriction at issue in this case, our precedents, as well as those of our sister circuits, hold that such a restriction is not substantially limiting on its face. *See Lusk*, 238 F.3d at 1241, *citing Thompson v. Holy Family Hospital*, 121 F.3d 537, 540 (9th Cir. 1997) (twenty-five pound lifting restriction is not a substantial limitation on the ability to lift); *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996) (same); *see also Ancutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1319 (8th Cir. 1996) (same). To raise a genuine issue of material fact as to whether he is disabled under the ADA, therefore, Velarde was required to present evidence comparing his lifting abilities to those of the general populace. Since he offered no such comparative evidence, the district court properly granted summary judgment.

Velarde argues that the district court's reasoning was flawed because "[t]he question of whether a person is substantially limited in lifting should not develop into a *per se* rule (ability to lift over "x" pounds precludes a finding of disability)

5

because each case should be analyzed on a case-by case basis." Appellant's Br. 23; *see also id.* at 28 (calling the requirement of comparative evidence "unreasonable and unwise"). But this misconceives the principle of *Lusk*. Under *Lusk*, there is no "*per se* rule" precluding a finding of disability; rather, there is a threshold of severity of impairment below which the plaintiff bears the burden of proving substantiality. This is precisely the case-by-case approach that Appellant professes to prefer.

In addition to criticizing the legal framework this Court has adopted for determining the substantiality of impairment under the ADA, Plaintiff points to numerous facts demonstrating additional aspects of his impairment (other than the twenty-five pound lifting restriction) that he says substantially limit his engagement in major life activities. *See* Appellant's Br. at 18-20. Velarde presumably reads our decision in *Lusk* as holding that even if the impairment is not substantial on its face and comparative evidence is not presented, a plaintiff can nevertheless avoid summary judgment by demonstrating that the lifting restriction coupled with additional impairments imposes a substantial limitation on major life activities. However, we have no need to consider the validity of this interpretation because, even accepting it *arguendo*, we find that Velarde failed to present a genuine issue of material fact.

Appellant's factual assertions suffer from several defects, both procedural

6

and substantive. Appellant introduces new evidence on appeal that was not part of the record before the district court on summary judgement, *see* Appellant's App. at 85-86, and relies on this evidence to support a conclusion of substantial impairment. *See* Appellant's Brief at 7, 18. Additionally, Appellant's brief alleges numerous facts without appropriate citations to the record. *See e.g.* Appellants Br. at 11 ¶ 17; *See also* Fed. R. App. Proc. 28(a)(7) (Appellant's brief must contain a statement of facts relevant to the issues submitted for review with appropriate references to the record).

However, even aside from these procedural errors, Appellant has not offered sufficient evidence of substantial limitation on his daily functioning to overcome a summary judgment motion. In *Toyota*, the Supreme Court defined substantial impairment as "an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." 534 U.S. at 198. In addressing "substantial limitation" in the workplace context, the Court held that a claimant must show an inability to work in either a class of jobs or a broad range of jobs in various classes. *Id.* at 200. In this regard, the Court further held that the central inquiry must be whether the claimant is unable to perform central daily tasks, rather than whether a claimant can perform the tasks associated with the claimant's particular job. *Id.* at 200-01.

7

Velarde's allegations do not show how his impairments, even in the aggregate, substantially limit his overall daily functioning.[3]  Rather, Appellant's arguments concentrate on how his impairments prevent him from performing the specific duties of his assigned job.  See Appellant's Br. at 18.  His assertions, even taken in the aggregate, thus do not meet the evidentiary requirements outlined by the Supreme Court in *Toyota*.

For the foregoing reasons we find that Appellant failed to make the necessary showing of substantial impairment as outlined in *Lusk* and *Toyota*, and

---

[3]Velarde attempts to point to Dr. Dall's diagnosis of March 27, 1995, to demonstrate "substantial impairment."  Dr. Dall found that Velarde should not twist or reach above his shoulder with his right arm, but could occasionally stoop, squat, crouch and reach at shoulder level.  Further, Dr. Dall's diagnosis reports that Velarde could lift between 11-20 pounds occasionally. Appellant's Br. at 19, Appellee's App. at 172.

These findings do not create a genuine issue of material fact regarding whether Velarde's impairments substantially limit major life activities.  The EEOC Guidelines are clear that in determining substantial impairment, the duration of such impairment must be considered.  29 C.F.R. §§ 1630.2(j)(2)(ii)-(iii).  Specifically, the Guidelines state that the impairment's impact must be permanent or long term. *Id.*; *see also Toyota*, 534 U.S. at 198.  The impairments identified by Dr. Vall lasted less than two months. On May 25, 1995, Dr. Lamb – Velarde's own doctor –  released him for work, stating that "[Velarde] is released to return to work for light duty. He should not lift repetitively or more that 25 lbs." Appellee's Br. at 6, Appellant's App. at 107. Thus we find that whatever additional impairments Velarde may have exhibited on March 27, 1995 apparently subsided only two months later.

8

thus we AFFIRM the district court's grant of summary judgement.

ENTERED FOR THE COURT


Michael W. McConnell
Circuit Judge