**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 7, 2005**

**TENTH CIRCUIT**

---

BERNARD L. HUMBLES,

    Plaintiff-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary,
U.S. Department of Veterans Affairs,

    Defendant-Appellee.

No. 04-1218
(D.C. No. 02-B-1354)
(D. Colo.)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, **PORFILIO** and **HARTZ,** Circuit Judges.

---

    Plaintiff Bernard L. Humbles sued his employer, Anthony J. Principi,

Secretary of the United States Department of Veterans Affairs, for discrimination

in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17,

and the Rehabilitation Act, 29 U.S.C. §§ 791 & 794(a). He appeals the district

court's grant of summary judgment to defendant. We affirm.

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Humbles, who works for the Denver Veteran's Affairs Medical Center (VA Center), alleges discrimination based on his African American and Native American heritage, and on the basis of a disability resulting from posttraumatic stress disorder (PTSD). The district court concluded that Mr. Humbles failed to establish the presence of any genuine issue of material fact under the *McDonnell Douglas* framework for claims of disparate treatment, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

We review a grant of summary judgment *de novo* and apply the same legal standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In applying this standard, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326. Once the movant establishes its initial burden of showing the absence of a material fact issue, the nonmovant "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)). An issue of

-2-

material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in its favor. *Id.* If no genuine issue of material fact is in dispute, we assess whether the district court correctly applied the substantive law. *Id.*

Mr. Humbles claims that he applied for a higher position at the VA Center in December 2000 and was not referred or promoted due to discrimination based on race and national origin. He also contends that his workload was discriminatorily increased in May 2001 without a corresponding pay increase. These claims, based on circumstantial evidence, are subject to the burden-shifting framework set forth in *McDonnell Douglas*. Under this framework, a plaintiff must first establish a *prima facie* case of discrimination. *Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1226 (10th Cir. 2000), by showing: 1) he belongs to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) he was treated less favorably than others. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Kendrick,* 220 F.3d at 1226. If the defendant satisfies this showing, the plaintiff then must demonstrate that the defendant's justification is pretext for unlawful discrimination. *Id.*

The record supports the district court's conclusion that Mr. Humbles failed

to satisfy his burden of establishing his employer's refusal to refer or promote him was due to his race or national origin. Even if he made a *prima facie* showing of intentional discrimination, the VA Center countered with the legitimate, nondiscriminatory reason that Mr. Humbles was not eligible for the position at issue. The position required a GS-11 grade level and that applicants had spent one year at the GS-9 level or its equivalent, but Mr. Humbles was classified at GS-7. Although he disputes his classification and claims he should have been classified at GS-9 instead, he concedes he did not previously appeal his classification. More importantly, as the district court noted, Mr. Humbles admitted that another candidate was preselected for the position because the candidate had a close relationship with a person who assisted the selecting official. This is a nondiscriminatory motive, which does not create an inference of discrimination. *See Neal v. Roche,* 349 F.3d 1246, 1249-53 (10th Cir. 2003). A plaintiff's concession of a nondiscriminatory motive undermines the existence of pretext and extinguishes a Title VII claim. *See id.* at 1251-53; *see also Taken v. Oklahoma Corp. Comm'n,* 125 F.3d 1366, 1370 (10th Cir. 1997).

Mr. Humbles' Title VII discrimination claim based on an increased workload also fails. Although "an increased workload might constitute an adverse employment action in some circumstances," *Jones v. Barnhart*, 349 F.3d 1260, 1269-70 (10th Cir. 2003), Mr. Humbles failed to show his workload

increased in relation to other employees, or that others were granted pay increases while he was not. *See id.*; *Amro v. Boeing Co.*, 232 F.3d 790, 798 (10th Cir. 2000). Moreover, the VA Center established a legitimate, nondiscriminatory reason for the increase. It is undisputed that another employee resigned, which increased the workload of the rest of the staff. Mr. Humbles did not proffer evidence of pretext to counter this showing.

He next claims that the failure to refer or promote him and the increased workload were due to disability discrimination. Mr. Humbles has PTSD, which he says interferes with his sleep, memory, concentration, and ability to interact with others. To establish a *prima face* case, he must show that 1) he is disabled within the meaning of the law; 2) he is qualified, i.e., he can, with or without reasonable accommodation, perform the essential functions of the job; and 3) he was discriminated against due to his disability. *Wells v. Shalala*, 228 F.3d 1137, 1144 (10th Cir. 2000); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). To be disabled under the Act, he must show either that he has a physical or mental impairment that substantially limits one or more of his major life activities; he has a record of such impairment; or he is regarded as having such an impairment. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 478 (1999). Mr. Humbles claims he satisfies the first and third definitions of disability.

Regarding his first argument, the district court noted that plaintiffs are

generally required to show their limitations are substantial compared to the general public. *See Lusk v. Ryder Integ. Log.*, 238 F.3d 1237, 1240-41 (10th Cir. 2001). Mr. Humbles failed to present any evidence that his sleep disturbances, which he claimed resulted in his getting four to five hours of sleep per night, presented a substantial limitation compared to the general public. Mr. Humbles' claims about his interactions with others, memory, and concentration suffered from the same shortcomings. Moreover, interactions with others and concentration have not been deemed major life activities by this circuit. *See Steele v. Thiokol Corp.*, 241 F.3d 1248, 1254-55 (10th Cir. 2001)*; Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1229, 1231 (10th Cir. 1999). Mr. Humbles thus failed to show his impairment substantially limits a major life activity.

Mr. Humbles also contends the VA Center regarded him as having a disability because it perceived he was substantially limited in his ability to work and sleep. A plaintiff satisfies this definition only if the employer "entertain[s] misperceptions" related to the individual and his disability, such as those based on "myths, fears and stereotypes." *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1132-33 (10th Cir. 2003). We agree with the district court that Mr. Humbles presented no evidence that the VA Center held such misperceptions. Even if he had satisfied his initial burden, as discussed above, he did not make a

satisfactory showing of pretext.

Mr. Humbles also claims the VA Center failed to accommodate his disability. As part of his current position, he conducts intakes with veterans who themselves are suffering from PTSD. He alleges he requested that the number of intakes he was required to perform be reduced or eliminated as an accommodation, but they were not. To succeed in his claim of failure to accommodate, he must establish not only that he is disabled but also that he is "qualified" for the position in that he can perform the essential functions of his job and, if not, he must identify the reasonable accommodations that would enable him to do so. *See Wells*, 228 F.3d at 1144. As discussed above, Mr. Humbles did not establish he was disabled within the meaning of the Rehabilitation Act. The district court further concluded that even if he were disabled, he failed to create a genuine issue of material fact regarding a reasonable accommodation. Mr. Humbles concedes that the intakes are essential functions of his job, but suggests that a reasonable accommodation might involve reallocating the workload among other employees. An employer is not required to accommodate a disabled worker by modifying or eliminating an essential function of a job. *Mathews v. Denver Post*, 263 F.3d 1164, 1168-69 (10th Cir. 2001). In addition, an employer is not required to accommodate a disabled worker by reallocating work duties such that other employees are forced to work harder. *See Mason v. Avaya Communications,*

-7-

*Inc.,* 357 F.3d 1114, 1121 n.3 (10th Cir. 2004) (citing *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1125 (10th Cir. 1995)).  Upon review of the record and the relevant case law, we agree that Mr. Humbles did not establish a genuine issue of material fact regarding his *prima facie* case.

Finally, Mr. Humbles contends the VA Center retaliated against him for his EEO activity.  He claims the VA Center, among other retaliatory actions, failed to refer or promote him for the GS-11 position, increased his workload without additional salary, denied him monetary awards, and assigned him to a small office without a button that could be activated in case of emergencies.  To succeed on his retaliation claim, he must make a *prima facie* showing that 1) he was engaged in protected opposition to discrimination; 2) he was subjected to an adverse employment action; and 3) a causal connection exists between the protected activity and the adverse action.  *Kendrick*, 220 F.3d at 1234.  The causal connection may be demonstrated by setting forth "evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action . . . .  In other words, [the plaintiff] must present some evidence that [the] employer undertook the adverse employment action for the purpose of retaliation." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1320-21 (10th Cir. 1999) (internal quotation omitted), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 (2002).

The district court concluded that Mr. Humbles merely made conclusory allegations in his pleadings about the first and third elements of his claim, which constituted insufficient evidence for summary judgment purposes under *Lantec, Inc., v. Novell, Inc.*, 306 F.3d 1003, 1019 (10th Cir. 2002). Even if he had satisfied the first element of his claim, he has not raised any issues of material fact establishing a causal connection between any protected activity and the alleged adverse actions. In addition, he has proffered no evidence to demonstrate that the VA Center's actions were pretextual.

Having carefully reviewed Mr. Humbles' contentions and the record in this case, we **AFFIRM** the judgment of the district court for substantially the reasons set forth in its order dated May 7, 2004.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge