**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARY ANN LAWLER,

      Plaintiff-Appellant,

v.

QUIKTRIP CORPORATION,

      Defendant-Appellee.

No. 04-5132
Northern District of Oklahoma
(D.C. No. 03-VC-296-P)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Mary Ann Lawler, the plaintiff, was hired by QuikTrip Corporation as a part-time clerk in 1992, and she continued in that position until 1998, when she accepted a full-time position as a relief clerk. On November 22, 2000, QuikTrip terminated her employment. On May 2, 2003, plaintiff brought suit against QuikTrip in the United States District Court for the Northern District of Oklahoma, alleging discrimination under (1) the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); (2) the Age

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"); (3) the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, et seq. ("OADA"); and (4) for violation of the Oklahoma Public Policy/Burk Tort Act. After answering the complaint, and engaging in discovery, QuikTrip moved for summary judgment on all of plaintiff's claims. Lawler thereafter dismissed her ADEA and Oklahoma Public Policy claims. Accordingly, the only claims remaining before the district court were plaintiff's claims under the ADA and OADA. After hearing, the district court granted QuikTrip's motion for summary judgment on plaintiff's ADA claim, and then dismissed plaintiff's remaining claim based on OADA, commenting, in connection with the latter, that "the court declines to exercise supplemental jurisdiction because all claims from which the original jurisdiction arose have been dismissed. 28 U.S.C. § 1367(c)(3)." Plaintiff thereafter filed a lengthy Motion to Reconsider, in which she, *inter alia,* sought to introduce into evidence certain exhibits which she claimed were inadvertently omitted from her response to QuikTrip's motion for summary judgment. The district court denied plaintiff's motion to reconsider. The plaintiff now appeals the order of the district court granting summary judgment to QuikTrip on plaintiff's claim based on the ADA, i.e., termination based on disability.

In its order granting summary judgment to QuikTrip on plaintiff's ADA claim, the district court summarized the background facts out of which the present controversy arose as follows:

Mary Ann Lawler ("Plaintiff") was hired by QuikTrip Corporation ("Defendant") in 1992 as a clerk. Plaintiff was originally hired as a clerk in her daughter's store located in Bartlesville, OK, and she was eventually transferred to Tulsa to serve as a relief clerk---one who works in different stores dependent upon need. Throughout her time with QuikTrip, Plaintiff was permitted to schedule her work schedule around her class schedules and spending time with her grandson.

On June 5, 2000, Plaintiff presented a physician's note to Defendant's personnel manager, J. D. Johnson, which stated that she was disabled. The note stated, "Patient is totally temporarily disabled until July 3, 2000 due to underlying arthritis." When Johnson received this note, he placed Plaintiff in a light duty position with QuikTrip. On July 6, 2000, Johnson was presented another physician's note that stated Plaintiff was "temporarily partially disabled due to arthritis. Light duty for six weeks until August 21, 2000." As a result, the light duty assignment was continued for Plaintiff. Again, on August 17, 2000, Johnson was presented with a physician's note from Plaintiff that read "[Plaintiff] remains temporarily partially disabled. On light duty for next two months until October 23, 2000." Once again, Johnson kept Plaintiff in her light duty assignment. On October 17, 2000, Plaintiff presented Johnson with the final physician's note that read "[Plaintiff] was seen in my office today with arthritis, possible reflex sympathetic dystrophy. She should remain on light duty for at least 2 more months." In response to that note, Johnson again continued the light duty status for Plaintiff. Then, on November 22, 2000, Johnson notified Plaintiff that she was nearing the six-month limitation for light duty status. In connection with that conversation, Johnson asked Plaintiff to resign. When Plaintiff refused the request, Johnson filled out a discharge slip with the reason for termination as "Job: Can't stand on feet." Plaintiff was offered severance in the form of one week's pay but was discharged effective immediately.

As indicated, this case was decided on defendant's motion for summary judgment.

There was considerable evidentiary matter before the court when it granted QuikTrip's motion for summary judgment, including plaintiff's deposition, and depositions, or parts thereof, of four representatives of QuikTrip. Also before the district court was plaintiff's resume, plaintiff's job description, notes of plaintiff's doctor, the plaintiff's termination order that she "can't stand on her feet," QuikTrip's proposed termination agreement, and plaintiff's refusal to sign the proposed severance agreement.

At the outset of our discussion, we note that the present action is <u>not</u> a workman's compensation case, <u>nor</u> is it one for breach of an employment contract. Rather, as stated, it is one wherein the plaintiff seeks "actual, compensatory, and punitive damages in an amount in excess of $10,000" from QuikTrip for discriminating against her in the work place because of her physical disability. In this connection, 42 U.S.C. § 12112 provides as follows:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
>
> Further, 42 U.S.C. § 12102 (2) provides as follows:
>
> (2) Disability.
> The term "disability" means, with respect to an individual ----
>    (A) a physical or mental impairment that substantially limits
>    one or more of the major life activities of such individual;
>    (B) a record of such an impairment; or
>    (C) being regarded as having such an impairment.

In *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 194-195 (2002), the

Supreme Court, citing 45 C.F.R. § 84.3(j)(2)(I), defined the term "physical or mental impairment . . . that substantially limits a major life activity" as follows:

> any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive, digestive, genito-urinary; hemic and lymphatic; skin; and endocrine.[1]

Under 45 C.F.R. § 84.3(j)(2)(ii), the phrase "major life activities" are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Thus, in an action of the present sort, a plaintiff must show that a major life activity is substantially limited, in this case, by plaintiff's arthritic condition, and that accordingly she is "disabled" within the terms of the ADA.

In granting QuikTrip's motion for summary judgment on plaintiff's ADA claim, the district court concluded that the plaintiff had failed "to produce enough evidence to show that her impairment substantially limits her major life activities of walking or standing." Specifically, the district court observed that the deposition of the plaintiff "fails to present the necessary comparative evidence to preclude the court from granting summary judgment on this matter. Conversely, the deposition testimony of plaintiff shows that she was able to perform activities involving standing and walking." Also, in her deposition, the plaintiff, who was living alone, without outside help, testified that she

---

[1] In *Toyota Motor,* the Supreme Court observed that "merely having an impairment does not make one disabled for purposes of the ADA." *Id.* at 195.

was able to feed herself, bathe herself, drive her automobile, take care of all her daily needs, and did not use a cane, nor had she ever had a cane. It was in this general setting that the district court concluded that, on the record before it, plaintiff had not shown that she was "disabled" under the ADA. We are in accord with the district court's analysis of this issue.

The district court then went on to discuss whether, under 42 U.S.C. § 12102(2)(C), QuikTrip, when it terminated plaintiff, mistakenly believed that she suffered from a substantially limiting impairment, even though in fact she did not so suffer. In this regard, the district court rejected the plaintiff's suggestion that QuikTrip employee J. D. Johnson mistakenly believed her to be disabled under the ADA when he wrote on her termination slip, "Job: Can't stand on feet." The district court observed that the comment that she couldn't stand on her feet did not show that she was "substantially limited in any major life activity or that defendant maintained a mistake, stereotype, or bias towards her impairment," citing *Rakity v. Dillon Co., Inc.,* 302 F.3d 1152 (10th Cir. 2002) and *Lusk v. Ryder Integrated Logistics,* 238 F.3d 1237 (10th Cir. 2001).[2] We agree with the district court's disposition of this aspect of the present case.

---

[2]In *Lusk*, at 1241, we stated that an employer's belief that an employee "could no longer perform a job . . . does not mean that the employer regards the employee as being disabled . . . ." under the ADA, and in *Rakity*, at 1262, we stated that an employer "is free to decide that some limiting, but not <u>substantially</u> limiting, impairments make individuals less than ideally suited for a job."

Judgment affirmed.

Entered for the Court,


Robert H. McWillliams
Senior Circuit Judge